UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH L. MEDARIS, SR., | ) |
| Petitioner, | ) |
| v. | ) No: 1:14-cv-01886-WTL-MJD |
| KEITH BUTTS, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Keith Medaris, Sr. for a writ of habeas corpus must be **denied** and the action **dismissed for lack of jurisdiction**. In addition, the court finds that a certificate of appealability should not issue and the inclusion of the State of Indiana as a co-respondent is stricken.

**I.**

**A.**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

**B.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Keith Medaris, Sr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test.

Medaris is serving a sentence following his conviction for the December 2003 murder of Wilber Smith. *Medaris v. State*, No. 49A04-0411-CR-620 (Ind.Ct.App. Sept. 6, 2005). That is the conviction he challenged in a prior action for habeas corpus relief, docketed as No. 1:12-cv-01051-RLY-DKL. That is the same convictions challenged in this case. The prior habeas action was denied in an Order issued on August 21, 2013.

Medaris has now filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action. That earlier habeas action was dismissed with prejudice on August 21, 2013. The dismissal with prejudice is evident from the judgment in that case and from the basis of the dismissal as the expiration of the statute of limitations prior to the filing of the habeas petition on July 30, 2012. *See, e.g., Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [28 U.S.C. § 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

The same petition described herein has been submitted to the Court of Appeals and docketed as No. 14-3526. On November 25, 2014 the Court of Appeals denied Mendaris leave to file a second or successive petition for collateral review.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of

Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. U.S.,* 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. The petitioner's request to proceed *in forma pauperis* [3] is **granted.**

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Medaris has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 12/01/14

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEITH L. MEDARIS, Sr.
891263
Pendleton Correctional Facility
Electronic Filing Participant – Court Only